**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

KEITH SMITH, *on behalf of himself,*        Case No.
*FLSA Collective Plaintiffs and the Class,*

                      Plaintiffs,      **CLASS AND COLLECTIVE ACTION**
                                    **<u>COMPLAINT</u>**

  -against-

FERRO PLUMBING & HEATING INC.,     **Jury Trial Demanded**
FERRO PLUMBING & MECHANICAL
INC., YONKERS FINEST REPAIRS, INC.,
MICHAEL FERRO SR. and
MICHAEL FERRO JR.,

                     Defendants.
--------------------------------------------------------X

      Plaintiffs Keith Smith ("Smith" or "Plaintiff") alleges on behalf of himself and others

similarly situated against Defendants Ferro Plumbing & Heating Inc., Ferro Plumbing &

Mechanical Inc., Yonkers Finest Repairs, Inc., Michael Ferro Sr. ("Ferro Sr.") and Michael Ferro

Jr. ("Ferro Jr.") (collectively, "Defendants), upon information and belief, as follows:

<strong><u>NATURE OF THE CLAIMS</u></strong>

1.   Smith was employed by the Defendants as a carpenter, mechanic and plumber's helper

    from February 2015 to January 30, 2020.  Smith was paid $25.00 per hour.  Despite

    working more than forty hours per week, the Defendants failed to pay Smith overtime.

    Furthermore, the Defendants committed statutory wage violations, by failing to provide

    Smith with a wage notice or a proper wage statement.  The Defendants also failed to

    Smith at the prevailing wage rate for public work projects.

2.   Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201

    *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid overtime,

    (2) liquidated damages and (3) attorneys' fees and costs.

3. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL") that they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid prevailing wages, (3) statutory wage notice violations, (4) liquidated damages and (5) attorneys' fees and costs.

4. Smith was also discriminated against because of his disability in violation of the New York City Human Rights Law ("NYCHRL").  Smith was terminated just three days after injuring his back on the job.

5. Lastly, the Plaintiffs allege a claim under 26 U.S.C. § 7434 for the fraudulent filing of information returns.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Keith Smith ("Smith" or "Plaintiff") was and is a resident of Westchester County, New York.

10. Defendant Ferro Plumbing & Heating Inc. was and is a domestic business corporation organized under the laws of the State of New York.

11. Ferro Plumbing & Heating Inc. was and is authorized to conduct business in the State of New York.

12. Ferro Plumbing & Heating Inc. was and is located at 494 Saw Mill River Road, Yonkers NY 10701.

13. Defendant Ferro Plumbing & Mechanical Inc. was and is a domestic business corporation organized under the laws of the state of New York.

14. Ferro Plumbing & Mechanical Inc. was and is authorized to conduct business in the State of New York.

15. Defendant Yonkers Finest Repairs, Inc. was and is a domestic business corporation organized under the laws of the State of New York.

16. Yonkers Finest Repairs, Inc. was and is authorized to conduct business in the State of New York.

17. Yonkers Finest Repairs, Inc. was and is located at 494 Saw Mill River Road, Yonkers NY 10701.

18. Defendant Michael Ferro Sr. ("Ferro Sr.") was and is a resident of Westchester County.

19. Ferro Sr. was and is an Owner of Ferro Plumbing & Heating Inc.

20. Ferro Sr. was and is an Owner of Ferro Plumbing & Mechanical Inc.

21. Ferro Sr. was and is an Owner of Yonkers Finest Repairs, Inc.

22. Defendant Michael Ferro Jr. ("Ferro Jr.") was and is a resident of Westchester County.

23. Ferro Jr. was and is an Owner of Ferro Plumbing & Heating Inc.

24. Ferro Jr. was and is an Owner of Ferro Plumbing & Mechanical Inc.

25. Ferro Jr. was and is an Owner of Yonkers Finest Repairs, Inc.

26. Ferro Sr. exercised control over the employment terms and conditions of Smith and the

similarly situated Plaintiffs.  Ferro Sr. had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Smith and the similarly situated Plaintiffs.  At all times, Smith and the similarly situated Plaintiffs could complain directly to Ferro Sr. regarding any of the terms of their employment, and Ferro Sr. would have the authority to effect any changes to the quality and terms of the Plaintiffs' employment.

27. Ferro Jr. exercised control over the employment terms and conditions of Smith and the similarly situated Plaintiffs.  Ferro Jr. had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Smith and the similarly situated Plaintiffs.  At all times, Smith and the similarly situated Plaintiffs could complain to Ferro Jr. directly regarding any of the terms of their employment, and Ferro Jr. would have the authority to effect any changes to the quality and terms of the Plaintiffs' employment.

28. At all times relevant times, Ferro Plumbing & Heating Inc., Ferro Plumbing & Mechanical Inc. and Yonkers Finest Repairs, Inc. have been businesses or enterprises engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

29. At all relevant times, Ferro Plumbing & Heating Inc., Ferro Plumbing & Mechanical Inc. and Yonkers Finest Repairs, Inc. are and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the regulations thereunder.

30. At all relevant times, the work performed by the Plaintiffs was directly essential to the business operated by the Defendants.

**<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

31. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including plumbers, carpenters, mechanics and plumber helper's, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

32. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

33. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

**<u>RULE 23 CLASS ALLEGATIONS – NEW YORK</u>**

34. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including plumbers, carpenters, mechanics and plumber helper's, employed by Defendants on or after the date

that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

35. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rate of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

36. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of ten (10) Class Members.

37. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay prevailing wages; (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or

wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

38. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

39. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.   Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

40. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

41. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their hourly rate and overtime rate;

(e)   Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(f)   Whether Defendants paid Plaintiff and Class Members prevailing wage compensation under the New York Labor Law;

(g)   Whether Defendants provided a proper wage notice to Plaintiff and Class Members per requirements of the New York Labor Law;

(h)   Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(i)   Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hiring and annually, as required by the New York Labor Law.

## STATEMENT OF FACTS

42. In approximately February 2015, Smith commenced employment with the Defendants.

43. Smith was employed as a carpenter, mechanic and plumber's helper.

44. In addition, Smith would open and close Defendants' office located at 494 Saw Mill Road, Yonkers NY 10701.

45. In between opening and closing the office, Smith was sent out for different residential and/or commercial jobs.

46. Smith was employed as a non-exempt employee.

47. Smith would work seven days per week.

48. Smith would work from 6:30 a.m. to 5:30 p.m. (11 hours per day) from Monday to Saturday, for a total of 66 hours.

49. On Sundays, Smith would work an additional 2 to 3 hours.

50. Overall, Smith would work 68 to 69 total hours per week.

51. Smith was paid $25.00 per hour during his employment.

52. For approximately the first three years of his employment, Smith was paid in cash.

53. From approximately 2018 until Smith's termination on January 30, 2020, Smith was paid part in cash, part in check.

54. Ferro Jr. would pay Smith once per week.

55. Smith would typically open in the morning with Ferro Jr. and close at night with Ferro Sr.

56. Although Smith worked over forty hours per week, the Defendants failed to pay Smith at the required overtime rate.

57. Smith was not provided with a wage notice upon his hire or annually.

58. The Defendants failed to provide Smith with a proper wage statement with each payment received.

59. Defendants knowingly and willfully operated their businesses with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Smith.

60. Defendants knowingly and willfully operated their businesses with a policy of not providing proper wage notices pursuant to the NYLL.

61. Defendants knowingly and willfully operated their businesses with a policy of not provided proper wage statements pursuant to the NYLL.

62. During the course of Smith's employment, Smith would work on public work projects at government owned and/or operated buildings.

63. These include but are not limited to the following:

a. Rye FBI Building, located at 600 Midland Avenue, White Plains NY 10605.  Smith worked for approximately two weeks for a water main break.

b. YWCA, located at 87 S Broadway, Yonkers NY 10701.  Smith went at least 8 times for service calls and construction repairs.

c. US Postal Office, 335 S Broadway, Yonkers NY 10705-Smith went on at least 2 to 3 calls related to the hot water heater and other heating issues.

d. City of Yonkers-Smith worked on at least 30 calls, for emergency water main breaks on the road.

e. City of Mount Vernon-Smith worked on at least 15 jobs, including for gas mains in the street.

f. Con Edison-Smith worked on at least 40 Con Edison jobs in New York City, Yonkers and White Plains.

64. During this time period, Smith qualified for payment pursuant to the Prevailing Wage Schedule as mandated by the NYLL.

65. However, Smith was not paid the corresponding prevailing wage.

66. Smith was only paid at the hourly rate of $25.00 per hour.

<u>NYCHRL Disability Discrimination</u>

67. On or about January 27, 2020, Smith got injured on the job while working at Ferro Sr. daughter's house in Harrison, New York.

68. Specifically, Smith injured his back.  The disc in Smith's back ruptured.

69. As such, Smith suffers from a disability.

70. After getting injured, Smith informed the Defendants.

71. Smith told Dominic (last name currently unknown) (an employee of Defendants') to file a claim with insurance.

72. Later on the same day Smith was injured (January 27, 2020), Smith spoke with Ferro Jr. and said he was hurt, hurt his back really bad, couldn't walk and needed rest. Ferro Jr. responded, I'll fucking hurt you and hung up the phone.

73. On or about January 28, 2020, Smith went to St. John's Riverside Hospital in Dobbs Ferry, NY. Surgery was recommended.

74. On or about January 30, 2020, Defendants terminated Smith.

75. Smith was terminated because of his disability.

76. Smith was terminated three days after suffering a disability.

77. As a result of Defendants' actions, Smith suffered from and continues to suffer from severe emotional distress.

78. As a result of Defendants' actions, Smith suffered lost wages.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

79. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs as though they were fully set forth herein.

80. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendant has violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

81. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

82. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members

are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

83. Plaintiff, on behalf of himself and the Class Members, repeats and realleges the preceding paragraphs as though they were fully set forth herein.

84. Defendants willfully violated the Plaintiffs rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and the regulations promulgated thereunder.

85. Defendants' failure to pay overtime premium compensation caused the Plaintiffs to suffer loss of wages and interest thereon.  The Plaintiffs are entitled to recover from the Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et seq*.

## THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notice)

86. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

87. Defendants have willfully failed to supply the Plaintiffs and Class Members with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hiring or annually,

containing the following information: the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day

designated by the employer; the name of the employer; the physical address of the

employer and the telephone number of the employer.

88. Due to the Defendants' violations of the NYLL, the Plaintiffs and the Class Members are

entitled to recover from Defendants fifty dollars for each workday that the violations

occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided

for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL,

reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive

and declaratory relief.

## FOURTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

89. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and

every allegation of the preceding paragraphs hereof with the same force and effect as

though fully set forth herein.

90. Defendants have willfully failed to provide the Plaintiffs and Class Members with proper

wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages,

listing the following: the dates of work covered by that payment of wages; name of

employer; address and phone number of employer' rate or rates of pay and basis thereof;

whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and

net wages.

91. Due to the Defendants' violations of the NYLL, the Plaintiffs and the Class Members are

entitled to recover from Defendants two hundred fifty dollars for each workday that the

violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as

provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by

the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest,

and injunctive and declaratory relief.

### FIFTH CAUSE OF ACTION
**(Fraudulent Filing of Information Returns Under 26 U.S.C. § 7434(a))**

92. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and

every allegation of the preceding paragraphs hereof with the same force and effect as

though fully set forth herein.

93. By failing to provide Plaintiff and Collective Action Members with accurate IRS Forms

W-2 for all of the tax years during which they were employed by Defendants, and failing

to properly record, account for, and report to the IRS all monies paid to Plaintiff and the

Class as compensation for all of the work performed during the course of employment

with the Defendants, and failing to properly report employee income and withhold

amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent

information returns with the IRS, in violation of 26 U.S.C. §7434.

94. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information

return with respect to payments purported to be made to any other person, such person

may bring a civil action for damages against the person so filing such return." 26 U.S.C.

§ 7434(a).

### SIXTH CAUSE OF ACTION
**(NYLL – Unpaid Prevailing Wages)**

95. Plaintiff, on behalf of himself and the Class Members, repeats and realleges the preceding

paragraphs as though they were fully set forth herein.

96. NYLL § 220 requires that laborers on public works contracts in New York be paid not less than the prevailing wages in their locality for their trade or occupation.

97. The Plaintiffs performed work that mandates that prevailing wages be paid.

98. Defendants willfully violated the Plaintiffs rights by failing to pay prevailing wages, in violation of the NYLL and the regulations promulgated thereunder.

99. Defendants' failure to pay prevailing wages caused the Plaintiffs to suffer loss of wages and interest thereon.  The Plaintiffs are entitled to recover from the Defendants their unpaid prevailing wages, pursuant to the NYLL.

**SEVENTH CAUSE OF ACTION**
**(Disability Discrimination in Violation of NYCHRL)**
***For Plaintiff Smith Only***

100. Plaintiff Smith repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

101. By the actions described above, among others, Defendants have discriminated against Plaintiff because of his disability in violation of the NYCHRL.

102. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff Smith has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself and all others similarly situated, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

B. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

C. An order tolling the statute of limitations;

D. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

E. An injunction against Defendants' and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

F. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

G. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA and NYLL;

H. An award of compensatory damages as a result of Defendants' failure to pay prevailing wages;

I. A maximum of $5,000 per Plaintiff to failure to provide a proper wage notice upon hire or annually;

J. A maximum of $5,000 per Plaintiff for the failure to provide proper wage statements pursuant to the NYLL;

K.  An award of damages to Plaintiff Smith in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff Smith for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

L.  An award of damages to Plaintiff Smith in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff Smith for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional and psychological pain and suffering, emotional and psychological distress caused;

M.  An award of prejudgment and post-judgment interest;

N.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

O.  Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: August 14, 2020
       New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400

*Counsel for Plaintiffs*